## Dunlap v. Dunlap

*J. Michael Williamson,* for plaintiff.
*Craig P. Miller,* for defendant.

BROWN, *P.J.,* June 28, 1991—Plaintiff has filed a praecipe to transmit the record in requesting a

divorce under former section 201(d)(1) of the Divorce Code. See 23 Pa.C.S. §3301(d)(1). The court does not understand defendant to contest that the requisite separation period has passed and that the marriage is irretrievably broken.

However, defendant requests the court not to enter the divorce decree at this time. Initially in her petition defendant alleged that the praecipe to transmit record incorrectly stated that there were no pending related claims in the action. It appears that there are related claims that are scheduled to be heard by the master. Since the filing of defendant's petition to prevent entry of divorce decree, plaintiff has amended his praecipe to transmit record to reflect that there are related claims pending and likewise in his proposed divorce decree has specified that the court retain jurisdiction of any claims raised by the parties to the action for which a final order has not yet been entered. Therefore this particular objection to entering a divorce decree would now be moot.

Secondarily, defendant has challenged the bifurcation of the divorce decree from resolution of the related claims on the basis of the "possibility of economic hardship on defendant if a divorce decree is entered." Specifically she goes on to allege that the parties' real property is still jointly owned by the parties as tenants by the entireties and that upon the entry of a divorce decree the ownership of the marital residence will automatically change to a tenancy in common, and therefore any judgments against plaintiff that now exist can be executed upon the property, thereby affecting defendant's interest in the property.

Defendant is relying upon 68 P.S. §501 and two cases decided thereunder. Section 501 provided:

"Whenever any husband or wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit against the other to have the property sold and the proceeds divided between them."

The Superior Court of Pennsylvania in *Jawork v. Jawork,* 378 Pa. Super. 89, 548 A.2d 290 (1988), characterized the operation of law set forth in section 501 as "unassailable." The Superior Court noted the apparent conflict between former section 401(j) of the Divorce Code which terminated all property rights that were dependent upon the marital relationship unless otherwise expressly provided in the divorce decree and 68 Pa.C.S. §501. The Superior Court raised the question of the effect of a divorce decree that expressly retained the entireties status of marital property pending equitable distribution. The Superior Court declined to address the issue because it was not presented by the facts before it.

On December 19, 1990 the General Assembly repealed section 501. Act of December 19, 1990, P.L. 1240, no. 206 (effective March 19, 1991). The subject matter of repealed section 501 is now set forth in the Divorce Code at 23 Pa.C.S. §3507.

Section 3507(a) provides:

"Whenever married persons holding property as tenants by entireties are divorced, they shall, *except as otherwise provided by an order made under this chapter,* thereafter hold the property as tenants in common of equal one-half shares in value, and either of them may bring an action against the other to have the property sold and the proceeds divided between them." (emphasis supplied)

Under 23 Pa.C.S. §3102(a)(6) the court is obligated to "[e]ffectuate economic justice between the parties. . . ." Chapter 35 of the Divorce Code addresses property rights. All of the provisions in Chapter 35 pertaining to property rights give the court wide discretion. For example, under section 3503, whenever the court grants a divorce decree "all property rights which are dependent upon the marital relation . . . are terminated *unless the court expressly provides otherwise in its decree.*" (emphasis supplied) Likewise, under section 3504 the parties are free to distribute their separate property "[u]nless provided otherwise by the court."

Section 3507(a) contains similar language. Thus, section 3507(a) alters section 501 in one significant regard: it now appears that the court may enter an order forestalling the operation of law by which a tenancy by the entireties automatically became a tenancy in common upon the divorce of the parties. By transferring this section from Title 68 (Real and Personal Property) directly into the Property Rights Chapter of the Divorce Code and adding language that allows for the operation of law to be avoided by court order, it appears that the General Assembly was empowering the court to fashion a divorce decree that bifurcates the economic issues and expressly provides that the parties' real property shall remain a tenancy by the entireties pending equitable distribution.

## ORDER

And now, June 28, 1991, based upon the foregoing opinion, it is hereby ordered that defendant's petition be dismissed and the requested relief denied. The court will enter a divorce decree in this matter

upon presentation of a decree incorporating the language contemplated in the foregoing opinion.